Taet, J.,
dissenting. I agree that, in the instant ease, there is no bill of exceptions and that the entry of judgment does not show “that the case was tried [in the Court of Appeals] on an agreed statement of facts.” However, in my opinion, this alone does not require a judgment of affirmance in the instant case.
This court, pursuant to Section 2 of Article TV of the Constitution, directed the Court of Appeals to “certify its record to” this court. Under the provisions of that section, this court “may review, and affirm, modify or reverse the judgment of the Court of Appeals.”
Section 12223-8, General Code, entitled “Transcript of Record, ’ ’ provides in part:
“ * * * The clerk of the court from which the appeal is taken or a judge thereof, shall * * * prepare and file in the court to which the appeal is taken, a transcript of the docket and journal entries, with such original papers or transcripts thereof as are necessary to exhibit the error complained of. The transcript of the testimony or bill of exceptions or so much thereof as may be necessary for said appeal may be filed within such time as is provided for in the rules of court.” (Emphasis added.)
*368 The contentions by appellant in her briefs are all based upon the theory that, on the evidence considered by the Court of Appeals, appellant was entitled to judgment as a matter of law. Therefore, the only function that a bill of exceptions would perform in the instant case would be to disclose the evidence considered by the Court of Appeals. State, ex rel. Klorer, v. Fimple, Judge, 91 Ohio St., 99, 110 N. E., 253.
Unlike in Micklethwait v. City of Portsmouth, 110 Ohio St., 514, 144 N. E., 274, cited in the majority opinion, the Court of Appeals, spealdng through the journal entry of the judgment appealed from, specifically stated that it considered as evidence only “the evidence adduced by the parties, in the Court of Common Pleas.” The record of the Court of Appeals, as certified to this court, includes a stipulation between the parties as to exactly what that evidence was. That stipulation and the transcript of the evidence in the Common Pleas Court, as identified by the parties and filed in the Court of Appeals pursuant to that stipulation, were a part of the record of the Court of Appeals as certified to this court. That stipulation and that transcript of the evidence were filed in the Court of Appeals and are obviously included within what Section 12223-8, General Code, refers to as “original papers.” To use the words of this court in State, ex rel. Klorer, v. Fimple, supra, 103, a “bill of exceptions * * * would add nothing to the record for the information and action of ’ ’ this court in considering those contentions made by appellant in her brief.
In my opinion, therefore, this court has before it and should consider and decide the question whether the evidence considered by the Court of Appeals entitled appellant to judgment as a matter of law.